ALD-156                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

——————

No. 25-1785

——————

IN RE: AARON CORBIN MAZIE,
                                         Petitioner

_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 22, 2025
Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit</u> <u>Judges</u>

(Opinion filed June 3, 2025)
————

OPINION[*]
————

PER CURIAM

Pro se petitioner Aaron Mazie seeks a writ of mandamus relating to a restraining

order issued by the New Jersey Superior Court, Chancery Division of Morris County.  He

also alleges a variety of constitutional violations by other parties.  In his petition, Mazie

asks us to direct the District of New Jersey to review his pending state-court motion for

reconsideration and requests numerous writs to remedy the asserted violations.  We

decline to issue the requested writs.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Under 28 U.S.C. § 1651, we have the authority to "issue all writs necessary or appropriate in aid of [our jurisdiction] and agreeable to the usages and principles of law." A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Traditionally, we issue such writs only "as the means to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." United States v. Christian, 660 F.2d 892, 893 (3d Cir. 1981) (cleaned up). A writ should not issue unless the petitioner has "no other adequate means to attain the relief desired," and has shown that his right to the writ is "clear and indisputable." In re Diet Drugs Prods. Liab. Litig., 418 F.3d at 378-79 (cleaned up).[1]

With respect to his constitutional claims, Mazie has not shown that he has no other adequate means to obtain relief; he can file a complaint in the District Court. Cf. O'Hanlon v. Uber Techs., Inc., 990 F.3d 757, 763 n.3 (3d Cir. 2021) (citing the established principle that the Court is "a court of review, not of first view" (cleaned up)). Moreover, to the extent that Mazie asks us to direct the state court to take action, we lack authority to grant such relief. See In re Richards, 213 F.3d 773, 781 (3d Cir. 2000) (explaining that federal courts of appeal ordinarily "lack appellate jurisdiction over their state counterparts, thus making writs of mandamus generally inappropriate").

---

[1] Mazie also requests a writ of prohibition, but that standard is the same. See United States v. Santtini, 963 F.2d 585, 593–94 (3d Cir. 1992).

For these reasons, we will deny the mandamus petition.[2]



---

[2] To the extent Mazie's petition seeks additional relief, it is denied. He has also filed various motions in this Court. Those are denied.